**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**vs.**                                                          **CIVIL NO.** 1:24-CV-193-SA-DAS

**$24,020.00, MORE OR LESS,**
**IN UNITED STATES CURRENCY**                                   **DEFENDANT**

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, Plaintiff in the above-styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is an action to forfeit and condemn property to the United States pursuant to 21 U.S.C. §881 for violation(s) of 21 U.S.C. § 841, et seq.

### The Defendant in Rem

2. The Defendant property consists of the following: $24,020.00 in U.S. Currency (24-DEA-709948) seized on February 17, 2024, during a traffic stop in Booneville, Mississippi made on a vehicle operated by Adrian Tyrone Shinault. The currency is presently in the custody of the United States Marshals Service in the Seized Asset Deposit Fund Account at the Federal Reserve Bank.

### Jurisdiction and Venue

3. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has

jurisdiction over this particular action under 21 U.S.C. §881.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).   Moreover, the Court will have control over the property pursuant to the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. §1395 because the property was located in this district .

**Basis for Forfeiture**

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes one or more of the following:   (1) money, negotiable instruments, securities or other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and/or securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

**Facts**

7. On February 17, 2024, a Mississippi Highway Patrol (MHP) Trooper initiated a traffic stop on a black GMC Sierra pickup truck (Mississippi license plate PW21855) travelling 81 mph in a 35 mph zone in Booneville, Mississippi.   The vehicle was being operated by Adrian Tyrone Shinault ("Shinault") and was registered to Kiki Leach.   Upon making contact with Shinault, the MHP Trooper observed that Shinault appeared very nervous, and Shinault told the trooper that he was speeding because he was in a hurry to go buy the truck he was operating from a friend.

8. Based on Shinault's conduct during the initial portion of the stop, the MHP Trooper asked Shinault if he had anything illegal inside of the vehicle. Shinault advised that he did not and gave the MHP Trooper permission to search the truck. Once Shinault was out of the vehicle, the trooper performed a safety pat down on Shinault and while doing so noticed the odor of what be believed to be raw marijuana.

9. Before initiating a full search of the truck, the MHP Trooper opened the door of the truck and immediately observed two (2) large vacuum-sealed packages appearing to contain a large amount of currency located on the floorboard in front of the driver's seat. A further search of the vehicle did not reveal anything considered to be illegal or contraband. Based on the large amount of currency found, and the smell of marijuana, the trooper advised Shinault of his Miranda rights and advised him that he was currently not under arrest.

10. When questioned about the money, Shinault advised the money was not his. Rather, Shinault advised that the money, in fact, belonged to his sister who was planning to move in the near future. Shinault also advised that he did not know the amount of currency contained in the packages.

11. The MHP Trooper requested the assistance of a K-9 officer. Prior to the deployment of the K-9 officer, officers placed the packages of currency on the roadside along the edge of a ditch away from the truck. The K-9 was deployed to sniff the area of the vehicle and the packages and positively alerted on the currency packages. Based on the inconsistent stories given concerning ownership of the currency and the positive alert by the K-9 on the packages, the currency was seized based on a probable cause belief that the currency may be subject to forfeiture. The MHP Trooper arrested Shinault for speeding and driving under the influence and

transported Shinault to the Prentiss County, Mississippi jail for processing.   During processing, it was discovered that Shinault was in possession of two (2) grams of marijuana.

12. Officers took the seized currency packages to the North Mississippi Narcotics Unit. The packages were placed inside of a box and lined up on the floor with three additional empty boxes approximately five feet apart.   An additional K-9 officer was deployed to perform a sniff of the boxes and the K-9 officer positively alerted on the box containing the seized currency packages.

13. Officers conducted a criminal history check on Shinault through the National Crime Information Center (NCIC) and saw that Shinault has a history of felony controlled substance violations.   This fact, along with the inconsistent stories concerning the ownership of the funds and the positive K-9 alerts, support the allegation that the seized currency constitutes one or more of the following:   (1) money, negotiable instruments, securities or other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, securities used or intended to be used to facilitate a violation of the Controlled Substances Act and is, therefore, subject to forfeiture to the United States of America under the provisions of 21 U.S.C. § 881(a)(6).

14.   That pursuant to the provisions of 21 U.S.C. § 881(h), all right, title and interest in the Defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1)    That a Warrant of Arrest in rem issue to the United States Marshals Service commanding them to seize the Defendant property;

(2)    That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3)    That judgment of forfeiture be decreed against the Defendant property;

(4)    That upon judgment of forfeiture, the United States Marshal dispose of the Defendant property in accordance with law;

(5)    For costs and for such other further relief to which Plaintiff may be justly entitled

Respectfully submitted,

CLAY JOYNER
United States Attorney

By:    /s/   SAMUEL D. WRIGHT
SAMUEL D. WRIGHT
Assistant United States Attorney
Mississippi Bar No. 101425
900 Jefferson Avenue
Oxford, Mississippi 38655-3608
Telephone: (662) 234-3351
Fax: (662) 234-3318
Samuel.Wright@usdoj.gov

## <u>VERIFICATION</u>

I, Samuel D. Wright, hereby verify and declare under penalty of perjury that as an Assistant United States Attorney assigned litigation responsibilities for this matter that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by law enforcement officers, as well as my review of the investigation of this case, together with others, as an Assistant United States Attorney.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2024.

/s/   SAMUEL D. WRIGHT
Samuel D. Wright
Assistant U.S. Attorney